ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v | ) ) | 3-98CV0242-L |
| THE KROGER CO., | ) ) ) | (JURY DEMANDED) |
| Defendant | ) ) | |
| and | ) ) | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 745, | ) ) ) ) | |
| Rule 19(a) Defendant. | ) | |

ENTERED ON DOCKET
I 0 1999
U.S. DISTRICT CLERK'S OFFICE

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 9 1999
NANCY DOHERTY, CLERK
By_____ Deputy

## CONSENT DECREE

This Consent Decree is made and entered into between plaintiff, the Equal Employment Opportunity Commission ("EEOC"), and the defendant, The Kroger Co. ("Kroger") collectively referred to as "the parties."

On February 2, 1998, the EEOC instituted a lawsuit in the United States District Court for the Northern District of Texas, Dallas Division, Civil Action Number 3-98CV0242-L, against Defendant, Kroger. The EEOC alleged that Kroger engaged in unlawful employment practices in violation of §102(b)(1) and (6) and (d)(2)(A) of Title I of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12112(b)(l), (6), and (d)(2)(A), by requiring applicants for employment to complete medical questionnaires and to undergo medical tests prior to making a bona fide offer of employment in violation of the ADA. The EEOC also alleged that Kroger violated the Age Discrimination in Employment Act ("ADEA") by rejecting applicants when hiring individuals to work in its warehouse facility due to their age. Specifically, the EEOC alleged that Kroger



discriminated against applicants age 40 and above by requiring the applicants to pass a step test which used their age as a factor in the scoring formula. The EEOC also alleged that Kroger engaged in unlawful employment practices by using tests during the applicant selection process which had a significant disparate impact on applicants age 40 and over in violation of 29 U.S.C. §623(a)(1).

Kroger denies that it or any of its agents engaged in any unlawful conduct or violated any of the applicants rights under the ADEA or the ADA. Kroger believes that its current physical abilities test, including the stair step test, is a properly validated, accurate measure of the physical requirements for the order selector position. Kroger specifically and categorically denies that its physical abilities test in any way discriminates on the basis of age.

The parties hereto desire to compromise and settle the differences embodied in this lawsuit, and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction to enforce the provisions set forth in this Consent Decree.

2. The EEOC hereby releases, discharges, and forever holds The Kroger Co., its subsidiaries and affiliated companies harmless from any and all claims, demands, or suits, known or unknown, fixed or contingent, liquidated or unliquidated whether or not asserted in this action, as of the effective date of this Decree,

arising from or related to the events and transactions which are the subject of this action.

3. The parties agree that this Consent Decree does not constitute an admission by Kroger of any violation of the ADA, ADEA, or any other anti-discrimination laws.

4. The EEOC agrees to dismiss, with prejudice, Rule 19(a) Defendant International Brotherhood of Teamsters, Local 745.

5. Kroger reaffirms its intention to conduct its employment practices in a manner which does not violate the ADEA or the ADA.

6. Kroger agrees that at its Louisville, Kentucky, Memphis, Tennessee, and Houston, Texas, distribution facilities it will provide applicants for order selector positions who have met all other job requirements a written statement that they have been conditionally offered a position contingent on their passing a physical abilities test, drug screen and physical examination, if applicable.

7. Kroger believes that its current physical abilities test, including the stair step test, is a properly validated, accurate measure of the physical requirements for the order selector position. Kroger specifically and categorically denies that its physical abilities test in any way discriminates on the basis of age. However, in a good faith effort to resolve this current suit Kroger agrees to explore in good faith the use of an alternative submaximal physical abilities test at its Louisville, Kentucky, Memphis, Tennessee and Houston, Texas, Distribution facilities that does not use age in the formula, that is job related and properly validated, and that

meets Kroger's legitimate business needs including cost and ease and efficiency of administration.

8. Kroger will advise Evelyn R. Maiben, Senior Trial Attorney, EEOC, 207 S. Houston Street, Dallas, Texas 75202 within three months of the results of its efforts. During said three month period, Kroger will consider any alternative submaximal physical abilities test proposed by the EEOC that does not use age in the formula, that is job related and properly validated, and that meets Kroger's legitimate business needs, including cost and ease and efficiency of administration. If Kroger disagrees that the EEOC's proposed test meets the aforementioned requirements, then the parties shall submit the question of whether the proposed alternative test meets said requirements to a panel of three experts. One expert shall be selected by the EEOC, one shall be selected by Kroger, and the third shall be selected by the other two. Each party shall pay the expenses of its expert and shall split the cost of the third. The experts shall be qualified by education and experience in the fields of ergonomics, exercise physiology, medicine, and/or test measurement and evaluation.

9. Kroger agrees to pay the sum of Two Hundred Forty Thousand Dollars ($240,000.00) in checks payable to those individuals named in the complaint as designated by the EEOC and in amounts designated by the EEOC. Said individuals will be responsible for all taxes associated with said payments. Kroger will issue a Form 1099 to said individuals. Said payments shall be made within 30 days of the effective date of this decree.

10. The parties agree to a joint press release regarding this matter. The language agreed to by the parties is attached hereto as Exhibit "A".

11. If Kroger fails to tender payment or otherwise fails to timely comply with the terms of paragraphs 6-9 above, Kroger shall pay interest at the rate calculated pursuant to 28 U.S.C. Section 1961 on any untimely or unpaid amounts.

12. Neither the EEOC nor Kroger shall contest the validity of this Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude either party from enforcing this Decree in the event that the other party fails to perform the promises and representations contained herein. The parties also reserve their rights to seek contempt sanctions for non-payment and non-compliance with this Court Order.

13. The effective date of this Decree shall be the date upon which it is signed for approval by the Court.

14. The parties agree to bear their own costs and attorneys' fees associated with this action.

15. The term of this Decree shall be for one (1) year from the effective date. The Court hereby dismisses this action with prejudice but the Court retains jurisdiction to enforce the terms of this Decree until expiration of the term of the Consent Decree.

SO ORDERED, ADJUDGED AND DECREED this 9th day of August, 1999.

_____
Sam A. Lindsay
U.S. DISTRICT COURT JUDGE

APPROVED AS TO FORM AND CONTENT:

| FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION: | FOR DEFENDANT, THE KROGER CO.: |
|---|---|
| *signature* | *signature* |
| Jeffrey C. Bannon<br>Regional Attorney<br>Connecticut Bar No. 301166 | Hunter R. Hughes<br>Robert B. Remar<br>Daniel D. Zegura |
| Robert A. Canino<br>Supervisory Trial Attorney<br>Oklahoma State Bar No. 011782 | Rogers & Hardin LLP<br>2700 International Tower, Peachtree Center<br>229 Peachtree Street, N.E.<br>Atlanta, GA 30303-1601 |
| *signature*<br>Evelyn R. Maiben<br>Sr. Trial Attorney<br>Alabama State Bar No. 422865853 | (404) 522-4700<br>(404) 525-2224 (FAX) |
| Equal Employment Opportunity Commission<br>Dallas District Office<br>207 S. Houston Street, 3rd Floor<br>Dallas, Texas 75202<br>(214) 655-3336<br>(214) 655-3331 (FAX) | |

The U.S. District Court in Dallas today entered a Consent Decree settling by agreement a suit brought by the EEOC against Kroger Co. The suit alleged that a physical ability test used by Kroger at its former Keller, Texas distribution facility discriminated on the basis of age. Kroger categorically denies that its test in any way discriminates, specifically noting that the test had been developed by a nationally recognized testing firm. The decree provides $240,000 for 21 applicants who failed the test in 1994.

The EEOC enforces federal laws prohibiting discrimination on the basis of race, sex, national origin, religion and disability as well as age.

EXHIBIT A